**Warren H. LENZ, Jr.,**
**petitioner, Appellant,**

v.

**Connie P. LENZ, Respondent.**

**No. C7–87–827.**

Supreme Court of Minnesota.

Oct. 14, 1988.

Daniel M. Mohs, Albert Lea, for appellant.

Bob A. Goldman, Albert Lea, for respondent.

## OPINION

AMDAHL, Chief Justice.

The petitioner Warren H. Lenz, Jr. obtained further review of a court of appeals' decision reversing a custody award of the minor male child of the parties to the father. We reverse and reinstate the trial court's decision.

Warren and Connie Lenz' short-lived and discordant marriage ended with their separation in December 1984. Their only child, Steven, was approximately 15 months old at that time. Following a bifurcated hearing on the issue of Steven's custody, the trial court concluded that neither parent had been involved with the child enough to be found the primary caretaker. In the absence of a primary caretaker, the trial court awarded custody to the father based on the best interests of the child as recommended in a study prepared by court services. Upon Connie Lenz' appeal, the court of appeals, in a split decision, reversed. *Lenz v. Lenz*, 415 N.W.2d 355 (Minn.App. 1987).

The scope of review of an appellate court is narrowly defined. Unless clearly erroneous, a trial court's findings must be sustained. *Sefkow v. Sefkow*, 427 N.W.2d 203 (Minn.1988); *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn.1985); Minn.R.Civ.

P. 52.01. In custody determinations, review is limited to whether the trial court abused its discretion by making findings unsupported by the evidence or improperly applying the law. *Sefkow*, 427 N.W.2d at 210 (citing *Pikula*, 374 N.W.2d at 710).

██ Our review of the record leads to the conclusion that the trial court's finding that neither parent was the primary caretaker was adequately supported by the evidence of record. While we would prefer more extensive findings on the child's best interests, the trial court's determination that neither parent was the primary caretaker closely parallels the extensive court services study and therefore was inappropriately overturned on appeal.

We conclude that the court of appeals erred in substituting its judgment for that of the trial court, identifying the mother as the primary caretaker of the parties' minor child and awarding custody to her. We therefore reverse the court of appeals and reinstate the trial court's decision.

REVERSED.